UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUZANNE DEGNEN, D.M.D, P.C., ) | |
| ) | |
| Plaintiff, ) | No. 4:15-CV-527-RLW |
| ) | |
| v. ) | |
| ) | |
| FREE CONTINUING EDUCATION ) | |
| ASSOCIATION, LLC d/b/a FCEA, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Stay. (ECF No. 23). Plaintiff filed its response in opposition to the motion on May 20, 2015. (ECF No. 28). Defendants filed a reply on June 3, 2015. (ECF No. 33). The motion is fully briefed and ready for disposition. After careful consideration, the Court will grant Defendants' motion.

Plaintiff filed a class action complaint alleging that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") by faxing or having an agent send an unsolicited fax advertisements without a proper opt-out notice as required by 47 C.F.R. § 1200 (Class Action Junk-Fax Petition ("Petition" or "Pet."), ECF No. 5, ¶¶11-17). In their Motion to Stay, Defendants request the action be stayed pending resolution of the Petition of Free Continuing Education Association, LLC d/b/a FCEA for Retroactive Waiver ("Waiver Petition," ECF No. 24-1), filed with the Federal Communications Commission ("FCC") on April 30, 2015 on behalf of Free Continuing Education Association, LLC, Daniel Nava, and Michael McHenry (collectively, "FCEA"). Defendants argue that resolution of their Waiver Petition by the FCC "will determine whether Plaintiff's claims are viable and will have a significant impact on class certification issues" and, therefore, Defendants argue that "this Court should not be forced to

spend resources on this matter while the [Waiver] Petition is pending before the FCC." (ECF No. 24 at 1).

In support of their Motion, Defendants direct the Court's attention to the decision in *Nack v. Walburg*, 715 F.3d 680, 682 (8th Cir. 2013), wherein the Eighth Circuit recognized that the Administrative Orders Review Act ("Hobbs Act"), 28 U.S.C. § 2342 *et seq.*, precluded it from hearing challenges to the FCC regulation at issue and instructed that, on remand, the district court "may entertain any requests to stay proceedings for pursuit of administrative determination of the issues raised." (ECF No. 24 at 6). Defendants contend that denial of a stay will cause them substantial burden and hardship because they will have to engage in significant discovery that that may be irrelevant depending upon the FCC's determination. (ECF No. 24 at 7-8; ECF No. 33 at 1-2). In contrast, Defendants maintain that Plaintiff will suffer no damage from a stay because the maximum money damages for Plaintiff is fixed at $1,500 per fax and because Defendants are collecting and preserving the available documents and data. (ECF No. 24 at 8). Further, Defendants argue that they have demonstrated that they had prior, express permission to send the faxes at issue, making them eligible for the waiver. (ECF No. 33 at 2-3). In addition, Defendants point to the decisions issued by this Court in *St. Louis Heart Center, Inc. v. Forest Pharmaceuticals, Inc.*, Case No. 4:12-CV-2224-JCH, 2013 WL 3988671 (E.D. Mo. July 17, 2013) and *St. Louis Heart Ctr., Inc. v. Gilead Palo Alto, Inc.*, No. 4:13-CV-958-JAR, 2013 WL 5436651 (E.D. Mo. Sept. 27, 2013), which ordered the TCPA case to be stayed until final rulings are issued by the FCC on the defendant's petition for a declaratory ruling and through any appeals filed in connection with that ruling. (ECF No. 24 at 6, n. 3).

Plaintiff opposes a stay on the grounds that it will be prejudiced by an indefinite or lengthy stay, particularly because witnesses' memories will fade. (ECF No. 28 at 2). Plaintiff

also points out that courts in other jurisdictions have refused to grant stays in TCPA junk-fax cases. (*Id.*) (citing cases).

In light of the Eighth Circuit's suggestion in *Nack*, and in the interests of reaching consistent results in similar TCPA cases, the Court will grant Defendants' motion to stay this case. The Court is not persuaded that Plaintiff will be unduly prejudiced by such a stay.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Stay. (ECF No. 23) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **STAYED** until final rulings are issued by the FCC on the Petition of Free Continuing Education Association, LLC d/b/a FCEA for Retroactive Waiver, and on any appeals filed in connection with the ruling.

**IT IS FURTHER ORDERED** that every ninety (90) days, beginning **September 17, 2015**, Defendants shall advise the Court of the status of the proceedings before the FCC and any appeal filed in connection thereto.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Class Certification (ECF No. 6) is **DENIED**, without prejudice. Plaintiff may refile this motion, if necessary, after the stay is lifted and pursuant to a Case Management Order entered by the Court.

**IT IS FINALLY ORDERED** that the Clerk of Court shall administratively close this matter.

Dated this 17th day of June, 2015.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**